# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30989

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2017

Lyle W. Cayce
Clerk

SERVICE STEEL WAREHOUSE COMPANY, L.P.,

> Plaintiff - Appellant

v.

MCDONNEL GROUP, L.L.C.; ARCHER WESTERN CONTRACTORS, L.L.C., formerly known as Archer Western Contractors, Limited; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; LIBERTY MUTUAL INSURANCE COMPANY; MCDONNEL GROUP, L.L.C. ARCHER WESTERN CONTRACTORS, L.L.C., a Joint Venture,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1416

Before DAVIS, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Service Steel Warehouse Company, L.P. ("Service Steel") appeals the district court's interlocutory order granting in part and denying in part cross-motions for summary judgment filed by Service Steel and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30989

by Defendants-Appellees The McDonnel Group, LLC ("McDonnel"), Archer Western Contractors, LLC ("Archer"), Travelers Casualty and Surety Company of America ("Travelers"), and Liberty Mutual Insurance Company ("Liberty Mutual"). For the reasons set out below, we affirm.

McDonnel and Archer formed a joint venture ("McDonnel-Archer") and contracted with the Law Enforcement District of the Parish of Orleans ("Law Enforcement District") to build administrative buildings in New Orleans. On July 28, 2011, McDonnel-Archer obtained a Labor and Material Payment Bond underwritten by Travelers and Liberty Mutual for $144,929,000.00, which was issued pursuant to the Louisiana Public Works Act ("LPWA"), La. Rev. Stat. § 38:2241, *et seq*. McDonnel-Archer was named the principal on the bond.

The bond provided, in relevant part:

[I]f Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void, otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, materials, or both, used or reasonably required for use in the performance of the Contract . . .

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sums as may be justly due claimant, and have execution thereon. The owner shall not be liable for the payment of any costs or expenses of such suit.

McDonnel-Archer employed H&H Steel Fabricators ("H&H") as a subcontractor to fabricate steel for this project. In turn, H&H purchased steel

2

from a distributor, Service Steel Warehouse Company ("Service Steel"). H&H and Service Steel's relationship existed prior to the building project. In 2007, H&H and Service Steel entered into an agreement providing that all past due amounts would bear simple interest at a rate of 18% per year and that H&H would pay Service Steel's reasonable attorneys' fees incurred during collection. The same terms and conditions were sent with each invoice to H&H for the construction of the project.

Service Steel informed McDonnel-Archer that it was concerned with being paid for its steel for the building project, and as a result, McDonnel-Archer had Travelers and Liberty Mutual execute a rider to the bond, which recognized Service Steel as a claimant under the bond. The rider provided, in relevant part: "Delta and Service Steel will be considered Claimants, as that term is defined in Paragraph 1 of the Bond, as of the date of this rider."

Service Steel later delivered the steel and H&H failed to pay. On June 18, 2014, Service Steel filed suit against McDonnel-Archer and the insurers, claiming that it was not paid fully for the steel it had provided to H&H.

Service Steel and Defendants-Appellees filed cross-motions for partial summary judgment on the issue of whether or not Service Steel could recover 18% interest and attorneys' fees under the bond. In a well-reasoned opinion, the district court granted in part and denied in part both parties' motions, concluding that (a) Service Steel is entitled to some type of remedy under the bond's ambiguous language, but (b) the LPWA should be considered in interpreting the obligations under the bond, serving to preclude interest and restrict Service Steel's attorneys' fees to ten percent of the amount recovered.

More fully, the district court found that the phrase "sums as may be justly due" in the bond was ambiguous on its face. It also found that the traditional canons of statutory interpretation failed to clarify McDonnel-Archer's obligation to Service Steel. Thus, the court construed this ambiguous

No. 16-30989

language against Defendants-Appellees as the drafters and held that Service Steel is entitled to recovery in the form of limited attorneys' fees, as discussed below. We concur with the court's assessment.

Service Steel contends that the bond's language unambiguously includes both interest and attorneys' fees, and that by executing the rider, Defendants-Appellees became sureties to fulfill H&H's entire obligation to Service Steel under the agreement between Service Steel and H&H, including 18% interest and reasonable attorneys' fees. Defendants-Appellees argue that they only intended to bind themselves to pay for obligations under the bond itself, not the separate agreement between Service Steel and H&H.

We agree with the district court that the bond language is ambiguous and should be construed against the drafters, Defendants-Appellees. Thus, we conclude that Service Steel is entitled to some type of remedy under the bond itself. We find no basis in the law or the record, however, for looking beyond the terms of the bond for the terms of the interest and attorneys' fees obligations. Thus, we reject Service Steel's claim that it is entitled to 18% interest and attorneys' fees pursuant to its agreement with H&H.

The district court also held that Service Steel's recovery under the bond must be limited by the LPWA because the bond itself was issued pursuant to the LPWA. Applying the LPWA's restrictions, the court held that Service Steel could not recover interest and was limited to recovering attorneys' fees of ten percent of the amount recovered. We agree. We find no basis in the record for concluding, as Service Steel argues, that the parties intended to convert the statutory bond, which is subject to the LPWA's restrictions, into a contractual bond, which is not subject to those restrictions.

The district court's opinion in this case goes into much more detail on all of the above, and we find no reason in the law or the record to change the result.

No. 16-30989

Accordingly, we AFFIRM, essentially for the reasons set out by the district court.